UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Ste. 410
Melville, New York 11797
(631) 247-0404

    ATTORNEYS OF RECORD:
        WENDY J. MELLK, ESQ. (WM1515)

---

YEHUDAH LEIB WECHSLER,

                Plaintiff,

    -against-

ORTHODOX UNION,

                Defendant.

Case No. 07 CIV 9472

Judge Sweet

---

TO:    YEHUDAH LEIB WECHSLER
        PLAINTIFF, *PRO SE*
        1848 New York Avenue
        Brooklyn, New York 11210
        (718) 677-3565

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, sued herein as "Orthodox Union", by its undersigned counsel, for its Answer to the COMPLAINT of Yehuda Leib Wechsler, states as follows:

### AS TO JURY TRIAL DEMAND

A jury trial can be held only as to matters properly triable before a jury.

### AS TO "INTRODUCTORY" PARAGRAPH

    FIRST:    Defendant denies each and every allegation set forth in the introductory paragraph, wherein Plaintiff seeks to allege a claim under Title VII of the Civil

Rights Act of 1964 and, further, denies that Plaintiff has stated a claim upon which relief could be granted. Defendant further denies that this Court has jurisdiction over any claim asserted by Plaintiff.

### AS TO "PARTIES"

SECOND: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "I(A)" of the Complaint, wherein Plaintiff alleges the address of his place of residence and his telephone number.

THIRD: Defendant denies the allegations contained in paragraph "I(B)", except admit that it maintains offices located at Eleven Broadway, New York, New York 10004, (212) 563-4000.

FOURTH: Defendant denies the allegations contained in paragraph "I(C)" except admits that Plaintiff works at Tevere 84 Restaurant, located at 155 East 84th Street, New York, New York (212) 744-0210.

### AS TO "STATEMENT OF CLAIM"

FIFTH: Defendant denies the allegations contained in paragraph "II(A)" of the Complaint.

SIXTH: Defendant denies the allegations contained in paragraph "II(B)" of the Complaint.

SEVENTH: Defendant denies the allegations contained in paragraph "II(C)" of the Complaint, except denies knowledge or information sufficient to form a belief as to what Plaintiff "believes". Defendant denies discriminating or retaliating against Plaintiff on any basis.

EIGHTH: Defendant denies the allegations contained in paragraph "II(D)" of the Complaint, and further denies discriminating or retaliating against Plaintiff on any basis.

NINTH: Defendant denies all material allegations contained in paragraph "II(E)" of the Complaint and within the written documents attached to Plaintiff's Complaint, and denies discriminating or retaliating against Plaintiff on any basis and further denies that it "violated Section 503(a) and 503(b) of the ADA by threatening" Plaintiff. In addition, Defendant denies knowledge or information sufficient to form a belief as to Plaintiff's statements that on "June 1, 2006, the EEOC concluded its investigation"; that the EEOC sent him a right to sue letter; and, that on or about December 28, 2006 the U.S. Marshall's Service served a Summons & Complaint upon Defendant. Defendant explicitly denies that Plaintiff has stated a claim upon which relief could be granted.

**AS TO "EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES"**

TENTH: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "III(A)" of the Complaint.

ELEVENTH: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "III(B)" of the Complaint.

TWELFTH: Paragraph "III(C)" has not been completed and therefore, no response is required. Regardless, paragraph "III(C)" is not applicable because Plaintiff did not file a charge alleging age discrimination with the EEOC.

## AS TO "RELIEF"

THIRTEENTH:   Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint and denies all allegations not unequivocally admitted hereunder.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint should be dismissed in whole or in part, because it fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The Complaint should be dismissed because all actions undertaken by Defendant with respect to Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory business reasons.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims should be dismissed to the extent that he did not satisfy all jurisdictional prerequisites to suit, including, but not limited to, the extent to which Plaintiff's claims in this lawsuit exceed the scope of Plaintiff's administrative charge.

### FOURTH AFFIRMATIVE DEFENSE

4. To the extent that Plaintiff failed to make good faith and diligent efforts to mitigate his purported damages and injuries, any relief awarded to Plaintiff should be diminished, in whole or in part.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims should be dismissed to the extent that Plaintiff did not satisfy all jurisdictional prerequisites to suit.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims should be dismissed to the extent they are barred by the applicable statutes of limitation.

### SEVENTH AFFIRMATIVE DEFENSE

7. In the event that it is concluded that a prohibited factor motivated any act(s) alleged against Defendant by Plaintiff, the same act(s) would have been undertaken even absent a discriminatory motive and, as such, Plaintiff cannot recover thereupon.

### EIGHTH AFFIRMATIVE DEFENSE

8. To the extent that Plaintiff engaged in misconduct prior to or during his employment with Defendant which, if known to Defendant, would have resulted in denial of employment or discharge, any relief awarded to Plaintiff should be reduced, in whole or in part, because Plaintiff engaged in such misconduct.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's non-federal claims, if any, should be dismissed for lack of subject matter jurisdiction, and because this Court should not exercise pendent or supplemental jurisdiction over these non-federal claims.

### TENTH AFFIRMATIVE DEFENSE

10. Defendant cannot be liable for punitive damages because any alleged discrimination or retaliation occurred despite Defendant's good faith equal opportunity program.

### ELEVENTH AFFIRMATIVE DEFENSE

11. To the extent that Plaintiff's claims are compensable under the New York State Workers' Compensation Law, those claims are barred by the exclusive remedy provisions of that law.

### TWELFTH AFFIRMATIVE DEFENSE

12. The Complaint is barred, in whole or in part, or recovery of damages is precluded, because (a) Defendant exercised reasonable care to prevent and correct promptly any allegedly discriminatory or retaliatory behavior and (b) Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Since Plaintiff never requested a reasonable accommodation for a purported disability or engaged in protected activity under the Americans with Disabilities Act, Defendant is not liable for compensatory or punitive damages under the Americans with Disabilities Act.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. The Complaint should be dismissed because this Court lacks subject matter over Plaintiff's claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

15. The Complaint should be dismissed because Defendant is a religious organization which is excluded by 42 U.S.C. 2000 e-3(a) from Title VII's prohibitions concerning religious discrimination and retaliation.

WHEREFORE, Defendant prays that the Court grant an Order:

a. Denying all claims for relief contained in the Complaint;

b. Dismissing Plaintiff's Complaint with prejudice; and,

c. Granting to Defendant reimbursement for the costs of defending this meritless and vexatious action, including attorneys' fees; and

6

      d.    Granting to Defendant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       February 21, 2008

                            Respectfully submitted,

                            JACKSON LEWIS LLP
                            ATTORNEYS FOR DEFENDANT
                            58 South Service Road, Suite 410
                            Melville, New York  11747
                            631-247-0404

By: _____
      WENDY J. MELLK (WM 1515)

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 21st day of February, 2008, I caused a true and correct copy of the enclosed **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**, to be served upon Plaintiff via First-Class Mail, by depositing said copy into an official U.S. Postal Service depository addressed to:

YEHUDAH LEIB WECHSLER
PLAINTIFF, *PRO SE*
1848 New York Avenue
Brooklyn, New York 11210

_____
WENDY J. MELLK (WM1515)

I:\Clients\O\113486_WJM\Pleadings\Answer.doc

8